# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 7, 2008 Session

## VALLEY VIEW MOBILE HOME PARKS, LLC. v. LAYMAN LESSONS, INC.

**Appeal from the Circuit Court for Sumner County**
**No. 29509-C     C. L. Rogers, Judge**

---

**No. M2007-01291-COA-R3-CV - Filed May 27, 2008**

---

Tenant appeals the Circuit Court's dismissal of its appeal of the Judgment and Order of the General Sessions Court granting Landlord possession of leased premises. The basis of the Circuit Court's dismissal was Tenant's failure to comply with the Court's second Order requiring Tenant to post a bond. Finding error in the application of Tenn. Code Ann. § 29-18-130, we reverse the decision of the Trial Court and remand this case for further proceedings in accordance with this opinion.

### Tenn R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed; Case Remanded

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and ANDY D. BENNETT, J., joined.

W. Gary Blackburn, Robert T. Holmar, Nashville, Tennessee, for the appellant, Layman Lessons, Inc.

Russell E. Freeman, Goodlettsville, Tennessee, for the appellee, Valley View Mobile Home Parks, LLC.

### OPINION

This case originated with the filing of a detainer warrant in the General Sessions Court for Sumner County. Tenant,[1] a non-profit organization authorized under §501(c)(3) of the Internal Revenue Code to receive tax-deductible contributions, entered into an agreement with Landlord for

---

[1] The General Sessions warrant was styled "Chad Ray v. Louie Johnston and Louie Johnston d/b/a/ Layman Lessons." By Order of the Circuit Court, Valley View Mobile Home Parks, LLC, was substituted as Plaintiff, as Landlord, and Layman Lessons, Inc., was substituted as Defendant, as Tenant. The parties will be referred to herein as "Landlord" and "Tenant."

the use of the grounds and upstairs portion of a former church building. In consideration for the use of the building, Tenant certified to the Internal Revenue Service that the value of the lease was $19,000 annually, which allowed Landlord to claim that amount as a charitable deduction.

In the warrant, Landlord sought an unspecified amount of rents "for unpaid utilities, damage to property and material breach of lease." Following a hearing, possession of the premises was awarded to Landlord. Tenant appealed the judgment to the Circuit Court and thereafter filed a Motion to Stay Issuance of Writ of Possession. The basis of Tenant's motion was that Tenant was not obligated to pay rent under the terms of the lease and, consequently, the requirement of Tenn. Code Ann. § 29-18-130(b)(2) that a tenant who has been dispossessed of leased premises post a bond in the amount of one year's rent in order to remain in possession of the premises pending the appeal should not be required for Tenant to remain in possession. The trial court entered an Order allowing Tenant to remain in possession, conditioned on posting a bond in the amount of $1,680;[2] the bond was timely posted. Landlord thereafter filed a Motion to Increase Bond, asking that bond be set in the amount of $7,000, asserted to be the value of the charitable deduction. Following a hearing, the appeal bond was increased by $4,500,[3] with the additional amount to be posted by 4:30 p.m. on March 2, 2007.

Shortly after Landlord's Motion to Increase Bond was filed, but before it was heard, Landlord filed an Amended Complaint seeking possession of the premises and monetary damages and alleging, *inter alia,* the dissolution of Tenant's corporate status and resulting loss of its designation as a non-profit corporation; Tenant's operation of a for-profit business from the premises in violation of the intended use of the premises; and material mistake of fact and mutual mistake of law relative to the ability of Landlord to deduct the rental value of the leased premises. Tenant duly filed an Answer to the Amended Complaint.

On March 6, 2007, Landlord filed a Motion to Dismiss, on the ground that the additional bond ordered by the Court had not been posted and set the motion for hearing on March 19, 2007. Tenant filed a response to the motion but failed to appear at the hearing. The motion was granted. Tenant filed a Motion to Set Aside the Order of Dismissal, asserting counsel's mistake in calendaring the hearing on the motion and also asserting that Tenant's failure to post the bond meant only that Tenant could not maintain possession of the premises pending the appeal. At a hearing on Tenant's motion, the Court set aside its previous dismissal and heard the Landlord's original Motion to Dismiss. The Court granted the motion, stating in pertinent part:

> The Court further finds, that the General Sessions Judgment from
> which the Defendant appealed was for possession only and that no
> Counter Complaint has been filed, and pursuant to T.C.A. § 29-18-

---

[2] Although the Order setting the bond does not state the basis of this amount, Tenant's subsequent Response to Landlord's Motion to Increase Bond recites that this amount represented six months' utility charges for the premises.

[3] The record does not reflect the basis of this figure.

130, it is imperative for the appellant to file the bond to remain in possession of the property, for damages and for Court Costs and upon review of the record and as stipulated by the Defendant, there has been no bond posted pursuant to the Order entered March 1, 2007.

Tenant thereafter filed a Motion for Alteration or Amendment of Judgment seeking to have the appeal reinstated and supported the motion with the Affidavit of Louie Johnston. Among other things, Mr. Johnston attests that the charter of Layman Lessons, Inc., had been reinstated by the Tennessee Secretary of State and that, on March 23, 2007, Layman Lessons vacated the premises. While the motion was pending, Tenant also filed a Motion to Amend Answer to Amended Complaint, lodging its Amended Answer and Counter-Claim with the motion. Following a hearing on May 21, 2007, the Court denied Tenant's Motion for Alteration or Amendment of Judgment and declared the prior Order of Dismissal a final order.[4] This appeal ensued.

Tenant asserts that the trial court erred in its interpretation and application of Tenn. Code Ann. § 29-18-130(b)(2) by requiring Tenant to post a bond as specified in the statute in order to prosecute the appeal despite having relinquished possession of the premises at issue.[5]

## ANALYSIS

Tenn. Code Ann. § 29-18-130(b)(2) provides as follows:

(2) In cases where the action has been brought by the landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay the rent, and a judgment been entered against the tenant, the provisions of subdivision (b)(1) shall not apply. In that case, if the defendant prays an appeal, the defendant shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause. The plaintiff shall not be required to post bond to obtain possession in the event the defendant appeals without complying with

---

[4] No Order was entered on Tenant's Motion to Amend the Answer to the Amended Complaint.

[5] The other issues raised by Tenant are rendered moot by the resolution of this issue.

this section. The plaintiff shall be entitled to interest on the judgment which shall accrue from the date of the judgment in the event the defendant's appeal shall fail.

The purpose of the bond required of tenants who appeal a judgment in a detainer action granting possession to the landlord is to allow the tenant to retain possession while the appeal is being prosecuted. Tenn. Code Ann. § 29-18-130(a) allows a landlord to execute upon the judgment for possession immediately, by issuing a writ of possession. Pursuant to Tenn. Code Ann. § 29-18-130(b)(1), if the tenant appeals, the landlord must execute a bond for double the value of a year's rent "to pay all costs and damages accruing from the wrongful enforcement of such writ [of possession]" in order to proceed with the writ of possession. *Id.* Tenn. Code Ann. § 29-18-130(b)(2), however, allows the tenant who wishes to retain possession to do so by posting a bond or other specified security in the amount of one year's rent. If the tenant does not post such bond, then the statute allows the landlord to obtain possession without complying with Tenn. Code Ann. § 29-18-130(b)(1). As noted by the Court in *Mason v. Wykle*, No. 03A01-9508-CV-00262, 1996 WL 87455, at *4 (Tenn. Ct. App. Feb. 29, 1996):

> Clearly the bond provision of T.C.A. § 29-18-130(b)(2) is intended to protect the landlord or plaintiff and to provide a source from which rents and damages which accrue during the pendency of the appeal and while the defendant is still in possession of the premises can be collected. It has no application where possession of the premises is immediately surrendered after judgment in the court from which an appeal is taken.

*Id.*

Both the initial Order requiring the $1,680 bond and the subsequent Order raising the bond by $4,500 stated that the bond was to be posted "for the defendant to maintain possession" of the premises. To the extent the Trial Court construed and applied Tenn. Code Ann. § 29-18-130(b)(2) as requiring Tenant to post a bond in the amount specified as a condition of prosecuting the appeal, it committed error. The statute does not govern the right to appeal or establish the conditions of such appeal; the appeal of the judgment of the General Sessions Court is prosecuted in accordance with Tenn. Code Ann. § 29-18-128. Thus, there was no necessity for the bond specified in Tenn. Code Ann. § 29-18-130(b)(2) once the premises was vacated and Landlord restored to possession.

## IV. **Conclusion**

The Judgment of the Trial Court dismissing the Tenant's appeal is reversed and the case is remanded for further proceedings in accordance with this Opinion. Costs of appeal are assessed to Appellee.

_____
RICHARD H. DINKINS, JUDGE